UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICARDO PEREZ,

   Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

   Respondents.

2:17-cv-01393-JCM-VCF

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Ricardo Perez, a Nevada prisoner. Perez was convicted of second degree murder with use of a deadly weapon and sentenced to ten years to life with a consecutive term of eight to twenty years as a deadly-weapon enhancement. On September 29, 2017, respondents filed a motion to dismiss Perez's habeas petition (ECF No. 8), arguing that his claims are unexhausted, barred under *Tollet v Henderson*, 411 U.S. 258 (1973) and/or procedurally defaulted. ECF No. 10. Perez has not filed a response to the motion.

I. *Exhaustion*

Respondents argue Perez has failed to exhaust state court remedies for Grounds 2 through 7 of his petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim

remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

Perez was convicted pursuant to a guilty plea and did not file a direct appeal. He subsequently filed a post-conviction petition in the state district court, which was denied. ECF Nos. 12-10 and 13-5. Respondents contend that Perez raised only one claim on appeal – i.e., that his defense counsel was ineffective by failing to file a motion to suppress his confession to police because he was in custody and entitled to an attorney when he confessed. Accordingly, respondents argue that only Ground 1 of Perez's petition is exhausted and his remaining claims (Claims 2 through 7) are unexhausted.

Respondents are correct that the state court of appeals addressed only the ineffective assistance of counsel claim Perez now raises as Ground 1. ECF No. 13-7. Even so, Perez also argued in his brief on appeal that his *Miranda* rights were violated by virtue of an involuntary confession to the police. ECF No. 13-8. This is, in essence, the claim he raises in Ground 2 of his petition. Thus, Grounds 1 and 2 are exhausted. Because Perez has not shown that he has fairly presented any of the claims in Grounds 3 through 7 to Nevada's highest court, this court must conclude that they are unexhausted.

## II. Tollett v. Henderson

Respondents argue that petitioner's guilty plea serves as a bar to Grounds 1, 2, 3, 4, and 5.

In *Tollett v. Henderson*, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id*. "[C]laims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or

inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing *Tollett*, 411 U.S. at 267-69).

With respect to Ground 1, the court in *Mahrt* noted that "many courts, including the Supreme Court, have analyzed on the merits a habeas petitioner's allegation that his counsel rendered pre-plea ineffective assistance by failing to file a motion to suppress." *Mahrt*, 849 F.3d at 1170–71 (citing *Premo v. Moore*, 562 U.S. 115, 123–32 (2011), and numerous federal appellate court cases). Thus, Ground 1 is not barred by *Tollett*. However, Perez's claim in Ground 2 – i.e., that his *Miranda* rights were violated by virtue of an involuntary confession to the police – falls squarely within the *Tollett* bar and shall be dismissed on that basis. *See, e.g., Marrow v. United States*, 772 F.2d 525, 527 (9th Cir. 1985) (finding that claim that the petitioner confessed because he was threatened barred by *Tollett* ).[1]

Grounds 3, 4, and 5, each claim ineffective assistance of counsel based on counsel's alleged errors or omissions prior to the entry of Perez's guilty plea. Based on the underlying allegations, it is at least arguable that "the action, or inaction, of counsel prevent[ed] petitioner from making an informed choice whether to plead." Because the claims are unexhausted, the court shall reserve judgment as to whether they barred under *Tollett*.

### III. *Motion for appointment of counsel*

Also pending before the court is Perez's motion for the appointment of counsel. ECF No. 4. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730

---

[1] Because Ground 2 is barred under *Tollett*, this court need not reach respondents' argument that the claim is procedurally defaulted.

F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is sufficiently clear in presenting the issues that Perez wishes to bring. Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Perez's motion for the appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is GRANTED in part and DENIED in part. Ground 2 of the petition for writ of habeas corpus (ECF No. 8) is dismissed as discussed above. Grounds 3 through 7 are unexhausted.

**IT IS FURTHER ORDERED** that, with respect to petitioner's unexhausted claims, petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7–2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining ground for relief.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy*.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 4) is DENIED.

Dated January 31, 2018.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE