UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICARDO PEREZ, | Case No. 2:17-cv-01393-JCM-VCF |
| Petitioner, | ORDER |
| v. | |
| DWIGHT NEVEN, *et al.*, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. On January 31, 2018, this court entered an order in which it concluded that several of petitioner's habeas claims are unexhausted. ECF No. 15. In response to that order, petitioner filed a motion asking the court to stay proceedings in this case and hold them in abeyance while he returned to state court to exhaust his claims. ECF No. 17. For reasons that follow, the motion will be denied.

The Supreme Court has condoned the "stay and abeyance" procedure, under limited circumstances, when a pending habeas petition contains unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). *Rhines* allows habeas petitioners to preserve unexhausted claims for review notwithstanding the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id*. at 275. A stay is appropriate only when the court determines (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the unexhausted claims are not "plainly meritless," and (3) there is no indication the petitioner "engaged in intentionally dilatory litigation tactics." *Id*. at 277-78. With

respect to the good cause for failure to exhaust requirement, the court must consider whether petitioner has "set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Here, petitioner's *Rhines* argument, in its entirety, is that stay and abeyance in this case "fits within the United States Supreme Court's teachings in *Rhines*." ECF No. 17, p. 2. This falls well short of establishing that stay and abeyance is warranted in this case. *See Blake*, 745 F.3d at 981 ("Unspecific, unsupported excuses for failing to exhaust – such as unjustified ignorance," do not satisfy the good cause requirement); *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) ("[A] broad interpretation of 'good cause' that allow[s] for routine stays of mixed petitions, . . . undermin[es] the goals of AEDPA.").

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 17) is DENIED.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days from the date this order is entered within which to file a Notice of Abandonment of Unexhausted Claims, indicating that Grounds 3 through 7 are to be deleted from his petition (ECF No. 8).

**IT IS FURTHER ORDERED** that, if petitioner does not abandon his unexhausted claims within the time allowed, the petition (ECF No. 8) shall be dismissed under *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, if petitioner abandons his unexhausted claims within the time allowed, respondents shall have 30 days from the date the Notice of Abandonment is filed within which to file an Answer to the remaining claim (Ground 1) in the petition (ECF No. 8).

DATED: February 6, 2019.

_____
UNITED STATES DISTRICT JUDGE